**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Ronald Joseph FAVORS, Jr.,**
**Defendant–Appellant.**

No. 07–30826
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 19, 2008.

Cristina Walker, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Shreveport, LA, Brett L. Grayson, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Lafayette, LA, for Plaintiff–Appellee.

Ronald Joseph Favors, Jr., Oakdale, LA, pro se.

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Ronald Joseph Favors, Jr. federal prisoner # 09800–035, appeals the district court's denial of a motion for a downward departure or evidentiary hearing pertaining to his 1998 sentence for drug possession with intent to distribute. Favors based his claims on 18 U.S.C. § 3553(e), Fed.R.Crim.P. 35, U.S.S.G. §§ 5K1.1 & 5K2.0, and *Wade v. United States,* 504 U.S. 181, 186, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), and he contended that he was entitled to a sentence reduction because he rendered substantial assistance to the Government.

The statutes and Guidelines cited by Favors do not apply. Some require a government motion that is lacking in this case. *See* § 3553(e); Rule 35(b); § 5K1.1. Another does not pertain to a downward departure for substantial assistance. *See* § 5K2.0.

*Wade* likewise provides no legal basis for Favors's claim. The Government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade,* 504 U.S. at 185, 112 S.Ct. 1840. Moreover, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to

---

discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Id.* at 186, 112 S.Ct. 1840. The district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.